DECISION AND JUDGMENT ENTRY
Theodore L. Hiles appeals the judgment entered by the Hocking County Court of Common Pleas sentencing him to three consecutive four-year terms of imprisonment and determining that he is a sexual predator. He assigns the following errors:
 First Assignment of Error: The trial court erred, in violation of R.C. 2929.14(E)(4), R.C. 2929.19(B)(2)(c), and R.C. 2953.08, in sentencing Mr. Hiles to consecutive terms of imprisonment. (Entry, October 25, 1999.)
 Second Assignment of Error: The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, in finding Mr. Hiles to be a sexual predator. (Entry, October 25, 1999.)
 Third Assignment of Error: The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding Mr. Hiles to be a sexual predator. (Entry, October 25, 1999.)
 Fourth Assignment of Error: R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. (Entry, October 25, 1999.)
 Fifth Assignment of Error: The trial court erred, in violation of Section I, Article I of the Ohio Constitution, in finding Mr. Hiles to be a sexual predator, because Ohio's Sexual Predator Law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights. (Entry, October 25, 1999.)
Finding merit in appellant's first assignment of error, we reverse and remand for re-sentencing. We overrule the remaining assignments of error and affirm the determination that appellant is a sexual predator.
Appellant was indicted on five counts of rape and one count of gross sexual imposition based on conduct involving his eight-year-old stepdaughter. He eventually pled guilty to three counts of gross sexual imposition. The trial court held a combined sentencing and sexual predator hearing. The court sentenced appellant to three consecutive four-year sentences and found appellant to be a sexual predator. Appellant filed a timely appeal from this entry.
In his first assignment of error, appellant argues that the trial court erred in imposing consecutive sentences. Appellant asserts that the sentence is contrary to law because the court did not address the statutory factors outlined in R.C. 2929.14(E)(4) and did not make the requisite factual findings. R.C. 2953.08(A)(4) affords a defendant an appeal as of right where the defendant contends the sentence is contrary to law. We review such a contention on a de novo basis.
In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The inquiry under R.C. 2929.14(E)(4) is a "tripartite procedure." Statev. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender"; second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses; and finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id. The verb "finds," as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See State v. Edmonson
(1999), 86 Ohio St.3d 324, 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported.
Additionally, the court must comply with R.C. 2929.19(B)(2)(c) which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * if it imposes consecutive sentences under section 2929.14 of the Revised Code." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Brice, supra. Thus, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588, unreported; State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported; State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA29, unreported.
In the sentencing entry, the court stated that it "made specific findings in regard to the sentence imposed and as to the sexual predator status, and hereby orders that a transcript of the proceedings be prepared and filed by the reporter, and incorporates those findings into this sentencing entry." While the better practice would be for the trial court to make explicit findings and specify its reasons for the findings in the sentencing entry, we have previously held that the findings or reasons need not be specified in the sentencing entry so long as they are discernible from the record as a whole. Blair, supra, citing State v.Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported. Therefore, we turn to the transcript to determine whether the court complied with the statutory requirements.
After finding appellant to be a sexual predator, the court made the following statements regarding appellant's sentence:
 As far as term of incarceration, I find the shortest term is inadequate to punish the offender and would demean the seriousness of the offense. This is an F-3. These are all F-3's [sic], one to five years. One is the shortest term, although he is eligible for probation or community control.
 In a sense, these were so close to rape, it might have been tried as a rape, but as a result of a negotiated plea, were reduced so, in effect, we have the worst form of the offense of gross sexual imposition. We have a child and I have noted or I have seen here in courtroom a very, very diminutive young lady, very shy, unprotected. She was assaulted by him on numerous occasions. He repeatedly simulated and attempted intercourse while naked with her so he poses the greatest likelihood of committing future crimes, and there was physical harm clearly caused to her and psychological harm. There was a rip in her — or an abrasion in her labia. There was an extreme amount of psychological damage done.
 As far as consecutive terms, I find the harm is so great that a single term does not adequately reflect the seriousness of the conduct. He has this history of sexual offenses only, but I find consecutive terms are needed to protect the public.
* * *
 So what I am going to do is order that you serve three terms of four years each consecutive in the appropriate penal institution.
* * *
While it is clear that the trial court attempted to comply with the requirements of the consecutive sentencing statute, it did not. The court made the first finding of the tripartite analysis, that consecutive sentences are necessary to protect the public. Likewise, the court complied with the third section of the tripartite analysis, finding that R.C. 2929.14(E)(4)(b) applied because "the harm is so great that a single term does not adequately reflect the seriousness of the conduct." However, the court failed to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses.
Furthermore, it is not clear whether the court gave its reasons for imposing consecutive sentences. Prior to imposing consecutive sentences, the court noted that appellant committed the worst form of the offense of gross sexual imposition, that the victim was a very shy, young girl, that the victim was assaulted on numerous occasions, and that the victim suffered physical and psychological damage. The court did not, however, note that these were the reasons it was imposing consecutive sentences. Rather, it appears that these were the reasons the court was not imposing the minimum sentence.
In conclusion, we find that the trial court's imposition of consecutive sentences was unlawful because the court did not make the findings required by R.C. 2929.14(E)(4), nor state the reasons supporting these findings as required by R.C. 2929.19(B)(2)(c). We realize our strict construction of these statutes is subject to criticism for being overly technical in instances such as this where the trial judge has obviously made a good faith effort at compliance. We also realize that the statutory scheme imposed by the legislature may seem complex, repetitive and somewhat convoluted. Thus, while we sympathize with our colleagues on the trial bench, we are left with little option but to demand rigorous application of the legislature's mandate. Appellant's first assignment of error is sustained.
In his remaining assignments of error, appellant challenges the constitutionality of the sexual predator statute. In his second assignment of error, appellant argues that the statute violates the Cruel and Unusual Punishment Clauses of the United States and Ohio Constitutions. We have previously held that the sexual predator statute does not implicate the protections against cruel and unusual punishment.State v. Young (June 13, 2000), Meigs App. No. 99CA13, unreported. Therefore, appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the sexual predator statute violates the Double Jeopardy Clauses of the United States and Ohio Constitutions. In his fourth assignment of error, appellant contends that the statute violates the Due Process Clauses of the United States and Ohio Constitutions because it provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed. In his fifth assignment of error, appellant argues that the sexual predator statute is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights. As appellant noted in his reply brief, the Supreme Court of Ohio recently considered and rejected these same arguments in State v. Williams (2000),88 Ohio St.3d 513, and held that R.C. Chapter 2950 is constitutional. Based upon the holdings in Williams, we overrule appellant's third, fourth and fifth assignments of error.
Having sustained appellant's first assignment of error and overruled the remaining assignments, we reverse and remand this matter to the trial court for re-sentencing but uphold the trial court's determination that appellant is a sexual predator.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED IN PART AND AFFIRMED IN PART and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion with Attached Concurring Opinion.
 ________________________ William H. Harsha, Judge